IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
DEC 16 2021
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:21 CR 881 |
| ) | Title 18, United States Code, Sections 1341, 1349, 1956(h), and 2 |
| JAVON JONATHAN SPENCER, ) | |
| Defendant. ) | JUDGE PEARSON |

GENERAL ALLEGATIONS

At all times material and relevant to this Indictment:

1. Defendant JAVON JONATHAN SPENCER was a resident of Euclid, Ohio, which was located in the Northern District of Ohio, Eastern Division.

2. Defendant held the following bank account, the deposits of which were insured by the Federal Deposit Insurance Corporation ("FDIC"):

    a. Huntington Bank account ending in x1765 ("Huntington Bank account");

3. Victim G.H was a real person, known to the Grand Jury, and one of many victims. ("Victims").

COUNT 1
(Conspiracy to Commit Mail Fraud, 18 U.S.C. § 1349)

The Grand Jury charges:

4. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

5. From on or about March 20, 2018, through on or about April 2, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAVON JONATHAN

SPENCER, and other persons, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together and with each other to devise and intend to devise a scheme and artifice to defraud the Victims, and to obtain money and property from the Victims by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing and attempting to execute the scheme and artifice to defraud:

    a.    placed, and caused to be placed, in any depository for mail matter, any matter and thing to be sent and delivered by the Postal Service, and took and received from the Postal Service, any such matter and thing delivered by the Postal Service, in violation of Title 18, United States Code, Section 1341 (Mail Fraud).

## OBJECT OF THE CONSPIRACY

6.    The objects of the conspiracy were to: (1) use false and fraudulent pretenses to defraud the Victims; (2) enrich the conspirators; and (3) avoid detection of the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

7.    It was part of the conspiracy that:

    a.    A member of the conspiracy contacted victims and falsely represented to the Victims that they had won a prize through a lottery, sweepstakes, or other contest.

    b.    A member of the conspiracy falsely represented to the Victims that they needed to pay an upfront fee or taxes before receiving their winnings.

    c.    A member of the conspiracy directed Victims to mail checks and money orders payable to Defendant, and cash, to Defendant's address.

      d.      Defendant or another person Defendant directed, endorsed, and deposited the Victims' checks, money orders, and cash into Defendant's Huntington Bank account.

### ACTS IN FURTHERANCE OF THE CONSPIRACY

8.      In furtherance of the conspiracy, and to affect the goals and conceal the existence thereof, Defendant and others performed the following acts in the Northern District of Ohio, Eastern Division, and elsewhere:

<u>Victim G.H.</u>

    a.    In or around June 2018, a member of the conspiracy telephoned Victim G.H. and told G.H. that G.H. had won money in a sweepstakes.

    b.    In or around June 2018, a member of the conspiracy directed G.H. to pay upfront delivery fees of $4,500 to Defendant for G.H. to receive the purported money.

    c.    On or about June 14, 2018, a member of the conspiracy caused G.H. to mail to Defendant a $1,000 money order and a $500 money order payable to Defendant.

    d.    On or about June 15, 2018, Defendant or another person Defendant directed, endorsed and deposited G.H.'s money orders into Defendant's Huntington Bank account.

    e.    On or about June 26, 2018, a member of the conspiracy caused G.H. to mail to Defendant a $1,000 money order and a $500 money order payable to Defendant.

    f.    On or about June 28, 2018, Defendant or another person Defendant directed, endorsed and deposited G.H.'s money orders into Defendant's Huntington Bank account.

    g.    On or about July 10, 2018, a member of the conspiracy caused G.H. to mail to Defendant a $1,000 money order and a $500 money order payable to Defendant.

    h.    On or about July 30, 2018, Defendant or another person Defendant directed, endorsed and deposited G.H.'s money orders into Defendant's Huntington Bank account.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-4
(Mail Fraud, 18 U.S.C. §§ 1341 and 2)

The Grand Jury further charges:

9.    The factual allegations set forth in paragraphs 1 to 3 and 6 to 8 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

10.    From on or about March 20, 2018, through on or about April 2, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAVON JONATHAN SPENCER knowingly devised and intended to devise a scheme and artifice to defraud, and to obtain money and property from Victims, by means of false and fraudulent pretenses, representations and promises, as more fully described above.

11.    On or about the following dates, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant, for the purpose of executing and attempting to execute said scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, knowingly placed and caused to be placed in

any depository for mail matter, any matter and thing to be sent and delivered by the United States Postal Service and private and commercial interstate carriers, in accordance with the directions thereon, including the following mailings, each mailing constituting a separate count of this Indictment:

| Count | Approx. Date | Sender | Recipient Location | Description of Mailed Matter |
|---|---|---|---|---|
| 2 | June 14, 2018 | G.H. | Euclid, Ohio | $1,000 money order and $500 money order payable to Defendant |
| 3 | June 26, 2018 | G.H. | Euclid, Ohio | $1,000 money order and $500 money order payable to Defendant |
| 4 | July 10, 2018 | G.H. | Euclid, Ohio | $1,000 money order and $500 money order payable to Defendant |

All in violation of Title 18, United States Code, Sections 1341 and 2.

COUNT 5
(Conspiracy to Commit Money Laundering, 18 U.S.C. § 1956(h))

The Grand Jury further charges:

12. The factual allegations set forth in paragraphs 1 to 3 and 6 to 8 of this Indictment are realleged and incorporated by reference as if fully set forth herein.

13. From on or about March 20, 2018, through on or about April 2, 2019, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant JAVON JONATHAN SPENCER and other persons, both known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate and agree together and with each other to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign

commerce, which involved the proceeds of a specified unlawful activity, that is Mail Fraud, in violation of Title 18, United States Code, Section 1341, with the intent to promote the carrying on of specified unlawful activity, that is Mail Fraud, in violation of Title 18, United States Code, Section 1341, and that while conducting and attempting to conduct such financial transaction knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## OBJECT OF THE CONSPIRACY

14. The objects of the conspiracy were to: (1) enrich the conspirators; and (2) avoid detection of the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

15. It was part of the conspiracy that:

   a. Defendant endorsed and deposited checks, money orders, and cash from victims, including but not limited to, Victim G.H. into Defendant's Huntington Bank account.

   b. Defendant or a member of the conspiracy withdrew funds from Defendant's Huntington Bank account.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

16. In furtherance of the conspiracy, and to affect the goals and conceal the existence thereof, Defendant and others performed the following acts in the Northern District of Ohio, Eastern Division, and elsewhere:

Victim G.H.

    a.    On or about June 15, 2018, Defendant or another person Defendant directed, endorsed and deposited G.H.'s money orders into Defendant's Huntington Bank account.

    b.    On or about June 28, 2018, Defendant or another person Defendant directed, endorsed and deposited G.H.'s money orders into Defendant's Huntington Bank account.

    c.    On or about July 10, 2018, Defendant or another person Defendant directed, endorsed and deposited G.H.'s money orders into Defendant's Huntington Bank account.

    d.    In or around August 2018, Defendant or a member of the conspiracy withdrew funds from Defendant's Huntington Bank account.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE

The Grand Jury further charges:

17. For the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and Title 28, United States Code, Section 2461(c), the allegations of Counts 1 through 5 are incorporated herein by reference. As a result of the foregoing offenses, Defendant JAVON JONATHAN SPENCER shall forfeit to the United States any property real or personal, which constitutes or is derived from proceeds traceable to a violation of the charges set forth in Counts 1 through 4; and any property, real or personal, involved in the violation charged in Count 5, or any property traceable to such property;

including, but not limited to, a money judgment in the amount of the proceeds traceable to the violations charged in Counts 1 through 5.

## SUBSTITUTE ASSETS

If, as a result of any act or omission Defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been comingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Defendant up to the value of the forfeitable property described above.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.