IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR881 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| JAVON JONATHAN SPENCER, | ) | UNITED STATES' TRIAL BRIEF |
| | ) | |
| Defendant. | ) | |

Now comes the United States of America, by and through counsel, Michelle M. Baeppler, First Assistant United States Attorney, and Brian McDonough and Joseph Dangelo, Assistant U.S. Attorneys, and submits the following trial brief regarding evidentiary questions and other legal issues reasonably anticipated to arise at trial.  The United States reserves the right to supplement or amend it should circumstances so require.

**I.      Statement of Facts**

The 5-count Indictment charges Defendant Javon Jonathan Spencer with one count of Conspiracy to Commit Mail Fraud, three counts of Mail Fraud, and one count of Conspiracy to Commit Money Laundering.

The Money Mule Initiative of the Department of Justice and the European Money Mule Action in 2018 identified Spencer as a target.  United States Postal Inspection Service Inspector

Ian Ortega conducted the investigation and found that Spencer was involved in a Jamaican Operations Linked to Telemarketing (JOLT) fraud scheme that targeted elderly victims. In the JOLT scheme, a member of a criminal conspiracy contacted a victim via mail or telephone and informed the victim that the victim won a lottery or sweepstakes. However, to claim and receive the money, the victim must pay an upfront fee or taxes. The conspirator directed the victims to mail the payment to Spencer's address. Spencer received the payment in the form of checks or money orders, payable to Spencer, endorsed them, and deposited or directed the deposit of the funds into Spencer's bank account. Spencer or a member of the conspiracy withdrew the funds from Spencer's bank account through ATMs in Jamaica.

Specifically, the United States alleges the following:

From in or around March 20, 2018, through on or about April 2, 2019, a member of the conspiracy contacted victims and falsely represented to victims that they had won a prize through a lottery, sweepstakes, or other contest; a member of the conspiracy falsely represented to victims that they needed to pay an upfront fee or taxes before receiving their winnings; a member of the conspiracy directed victims to mail checks and money orders payable to Spencer, and cash, to Spencer's address. Spencer or another person Spencer directed, endorsed, and deposited the victims' checks, money orders, and cash into Spencer's Huntington Bank account. Spencer endorsed and deposited checks, money orders, and cash from victims to Spencer's bank account. Spencer or a member of the conspiracy withdrew funds from Defendant's Huntington Bank account.

## II. Controlling Law

### A. Count 1: Conspiracy to Commit Mail Fraud

Count 1 charged Spencer with Conspiracy to Commit Mail Fraud, in violation of 18 U.S.C. § 1349.  Section 1349 provides:

> Any person who attempts or conspires to commit any offense under this chapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

18 U.S.C. § 1349.  To establish Conspiracy to Commit Mail Fraud, the Government must prove: (1) two or more persons conspired, or agreed, to commit the crime of Mail Fraud, and (2) the defendant knowingly and voluntarily joined the conspiracy.  Sixth Circuit Pattern Jury Instructions, 2017 Edition, Updated as of October 1, 2021, Section 3.01A; *United States v. Rogers*, 769 F.3d 372, 377 (6th Cir. 2014).

### B. Counts 2-4: Mail Fraud

Counts 2-4 charged Spencer with Mail Fraud, in violation of 18 U.S.C. § 1341.  Section 1313 provides:

> Whoever, devised and intended to devise any scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice, placed, and caused to be placed, in any depository for mail matter, any matter and thing to be sent and delivered by the Postal Service, and took and received from the Postal Service, any such matter and thing delivered by the Postal Service,

shall be guilty of a crime.  18 U.S.C. § 1341.

To establish Mail Fraud, the Government must prove: (1) the defendant knowingly participated in, devised, or intended to devise, a scheme to defraud in order to obtain money or property, that is to defraud the victims, and to obtain money and property from the victims by means of false and fraudulent pretenses, representations and promises; (2) the scheme included a material representation or concealment of a material fact; (3) the defendant had the intent to

3

defraud; and (4) that the defendant used the mail or caused another to use the mail in furtherance of the scheme. Sixth Circuit Pattern Criminal Jury Instructions, 2021 Edition, Section 10.02.

### C. Count 5: Conspiracy to Commit Money Laundering

Count 5 charged Spencer with Money Laundering, in violation of Title 18, United States Code, § 1956(h).  Section 1956(h) provides:

> Any person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

18 U.S.C. § 1956(h).  To establish Conspiracy to Money Laundering, the Government must prove: (1) two or more persons conspired, or agreed, to commit the crime of Money Laundering, and (2) the defendant knowingly and voluntarily joined the conspiracy.  Sixth Circuit Pattern Jury Instructions, 2017 Edition, Updated as of October 1, 2021, Section 3.01A. *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005).

### III. Anticipated Evidentiary Issues

The United States does not anticipate any evidentiary issues.

### IV. Legal Issues

The United States does not anticipate any legal issues.  Counsel have discussed stipulations and will finalize all agreements in a written stipulation.

### V. Estimated Length of Trial

The United States anticipates completing its case-in-chief in approximately three days.

**VI.  Conclusion**

The United States is prepared to submit additional briefing on any issue should the Court or circumstances require.

Respectfully submitted,

MICHELLE M. BAEPPLER
First Assistant United States Attorney

By:  /s/ Brian McDonough
Brian McDonough (OH: 0072954)
Joseph Dangelo (OH: 0079898)
Assistant United States Attorneys
Carl B. Stokes United States Court House
801 West Superior Avenue, Suite 400
Cleveland, Ohio 44113
Tel.: (216) 622-3965/3833
brian.mcdonough@usdoj.gov
joseph.dangelo@usdoj.gov